THE PEOPLE, on the relation of White, *vs.* ERIE, C. P.

In a case of *certiorari* to the common pleas, a defendant in error, after proceeding to argument, cannot object that the affidavit on which the certiorari was obtained, was not served on the justice within *ten days.*

MOTION for mandamus to Erie C. P. to vacate a judgment, on the ground that the *affidavit* on which a *certiorari* was obtained, removing a justice's judgment in that court, was *not served* on the justice within *ten days* after the allowance of the *certiorari.* The justice made his return to the certiorari, and the certiorari, return, affidavit and bond required by statute, were filed in the office of the clerk of the county, previous to notice of argument.

August 4.

*J. Lovett,* for relator.

*J. Edwards,* contra.

*By the Court,* SAVAGE, Ch. J. The statute requires that the certiorari, the affidavit upon which it was allowed, and the bond given by the party obtaining the certiorari, shall be served within ten days after the allowance of the certiorari, and

ALBANY,
Aug. 1831.

The People
v.
Erie C. P.

that the fees of the justice for making a return shall be paid, and then adds : "and no certiorari shall be of any effect until all the preceding requisitions shall have been complied with." *2 R. S.* 256, § 175.　It is urged, in behalf of the relator, that this provision is similar to that contained in the act of 1824 relative to appeals, *Laws of* 1824, *p.* 295, § 36 ; and that under it, unless the party strictly complied with the requirements of the statute, the common pleas had no jurisdiction.　The language of the act of 1824 is, " that no appeal shall be of any force or effect, *nor shall it be received* by any court of common pleas or mayor's court, unless notice thereof shall be served within ten days as aforesaid, and be accompanied by the payment of costs and the giving of the bond as aforesaid."　It will be perceived there is a manifest difference in the phraseology of the two acts.　In that of 1824, there is an express prohibition to the common pleas to receive the appeal unless, &c., which is not found in the revised statutes relating to the *certiorari*.　Without the affidavit the *certiorari* was ineffectual ; the justice was not bound to obey it, and perhaps the common pleas might have refused to proceed, or on the application of the defendant in error, before argument, might have quashed the certiorari ; but there being no express prohibition as in the case of appeals under the act of 1824, the certiorari and return were sufficient to give the court jurisdiction, and the omission to serve the affidavit within the time limited must be considered as a mere irregulurity, which was waived by the party by going to argument.

　　　　　　　　　　　　　　　　　　　Motion denied.