By the Court,

Savage, Ch. J.
In the case of The People v. Onondaga C. P., 7 Wendell, 516, where the allowance of a certiorari was endorsed on the affidavit, instead of the writ itself, and the common pleas refused to quash it, this court said the justice was not bound to obey the writ, but having made a return, the common pleas acquired jurisdiction by the return, and therefore they properly refused to quash the proceeding. In The People v. Erie C. P., 6 Wendell, 549, the affidavit on which the certiorari was allowed was not served on the justice within ten days after the allowance of the certiorari. After argument, and I believe judgment, in the common pleas, a motion was made to vacate the judgment for that defect, which was refused. On motion for a mandamus, we held that the justice was not bound to make his return, unless the terms of the statute had been complied with; but having done so, and made his return, the common pleas had jurisdiction ; a distinction in the phraseology between the revised statutes and the act of 1824, was held to distinguish this case from the appeal cases in which it was held, under the act of 1824, that unless all the requisites had been literally complied with, the common pleas did not acquire jurisdiction, and might, therefore, set aside proceedings at any stage of them. So, in the present case, the court acquired jurisdiction by the writ and return; the justice might have refused to make return, but he having obeyed the writ, his return to a legal process gave the common pleas jurisdiction. They might have permitted an amendment. Without the bond, the certiorari was ineffectual, and the court might have ordered a stay of proceedings; and without an offer to amend, and a motion for that purpose, the common pleas might have quashed the proceedings. The court below, in the present case, were of opinion, in analogy to the former practice on appeal, that they had no jurisdiction. The difference between the statutes produces a distinction between the cases arising under them, and varies the question of jurisdiction. The want of jurisdiction on appeals, without a strict compliance with the pre-requisites, arose from the prohibition in the statute of 1824, that the papers should not he received. In this case the power to amend exited as well by virtue of the general statute on that subject as by the provision in 2 R. S. 556, § 34.
The next question is, can a certiorari be brought by one of two defendants ? If it is considered a writ of error, as it was argued by the counsel for the defendants, then we must look to the practice upon writs of error. It is said that it was necessary to summon the party not joining in the writ. The revised statutes have abolished that practice. 2 R. S. 594, § 18. By the previous sections, 2 R. S. 592, § 7, and onwards, the legislature have provided a substitute for the proceedings by scire facias to summon and sever. It is necessary that .all parties entitled to bring error should join ; if they do not, the defendant in error may, before joinder in error, move to quash the writ, which shall be granted unless the court allow one or inore to proceed separately. On such motion to quash, it is an answer that the persons not joined are incapable *178 of consenting to join, or that they are absent from the state. If it shall appear on such motion that they have refused to join, on an application being made for that purpose, proceedings shall be stayed until a rule shall be served requiring thern to appear and join or be precluded." If this practice is applicable, and I can see no reason why it should not be, then the motion to quash in the court below was properly made and properly granted.
Mandamus denied.