JOHN BARNEY, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

### ERROR TO BUREAU.

A jury should not be sworn for the term, but for the trial of each particular case.

In an indictment for rape it is erroneous to refuse to instruct the jury, that if they believe the husband of the prosecutrix, an able bodied man, was so near that he might have heard an outcry; that no outcry was made, and that the husband and wife, after the offense charged, remained for a time with the accused in friendly intercourse, that these circumstances raise a strong presumption of innocence in the accused.

THIS was a trial and conviction in the Bureau Circuit Court, upon an indictment which charges that the defendant, with force and arms, in and upon one Elizabeth Farnum, then and there, violently and forcibly, did make an assault, and her, the said Elizabeth Farnum, then and there, forcibly and against her will, feloniously did ravish and carnally did know.

The opinion states the objections to the trial, upon which the reversal is grounded.

STIPP & LELAND, for Plaintiff in Error.

W. BUSHNELL, and B. C. COOK, for The People.

CATON, C. J. This was an indictment for a rape, of which the prisoner was convicted. The jury was not sworn to try this particular cause, but at the commencement of the term, the whole pannel was called up and sworn to try all causes which might be submitted to it. Although this practice may have prevailed in some of the States, at least in civil causes, it is opposed to the uniform practice in this State, and cannot meet with our approval. With some jurors and in some cases, too much solemnity cannot be observed in the conduct of the trial. The solemnity of calling the juror before the prisoner, in the presence of the court, and his there taking the solemn oath prescribed by the law, to well and truly try and true deliverance make of that prisoner, not only gives the prisoner a comfortable assurance that he is to have a fair and impartial trial, but has a salutary tendency to prepare the mind of the juror for the solemn duty he is assuming. We think the jury should be sworn in each case.

The court erred in refusing to give the thirteenth instruction, which is this : " 13th. If the jury believe, from the evidence, that the husband of the prosecutrix was, at the time the rape is alleged by her to have been committed, an able-bodied man, and was at the said time within a few rods of the said place where

the rape is alleged by her to have been committed, that he might easily have heard her had she made any outcry ; that the prosecutrix made no outcry ; that she and her husband remained for an hour or an hour and a half with the defendant, in a friendly manner, then these circumstances raise a strong presumption that no rape was committed." This instruction, when considered in connection with the evidence, as to where the husband of the prosecutrix was, and her knowledge of his position, presents a proposition which certainly should have been given to the jury. It is true that it is possible that all the circumstances which are there referred to, were true, and still a rape was committed, but those circumstances must, in all unbiased minds, raise a strong presumption against such a consummation.

Some of the other instructions asked by the prisoner, and which were refused, contain in the main correct principles of law, of which the prisoner was entitled to the benefit, but as there may have been some inaccuracy in the terms in which they were expressed, we refrain from commenting on them particularly. The judgment is reversed and the cause remanded.

*Judgment reversed.*