## ALEXANDER VEZAIN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDORSEMENT *of prosecutor's name on indictment — of its omission.* The objection that the name of a prosecutor was not indorsed on an indictment, comes too late on error; it should be made before trial, by a motion to quash.

2. SWEARING PART OF A JURY *in a criminal case, before plea entered — when the objection must be made.* It is too late, on error, to object that a part of the jurors were impaneled and sworn in a criminal case, before the plea of the defendant was entered; such an objection, if not made at the time, will be regarded as waived.

3. SAME — *effect of not re-swearing the jurors, upon objection in apt time.* Should the defendant, in such a case, ask to have the jurors re-sworn after his plea was entered, or in any mode object to the irregularity, a refusal by the court to have the jurors re-sworn would probably be ground for reversal, should the judgment be against the defendant.

APPEAL from the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The case is stated in the opinion of the court.

Messrs. BUSHNELL & AVERY, for the appellant.

Mr. C. BLANCHARD, State's Attorney, for the People.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an indictment for malicious mischief, on the trial of which the defendant was found guilty and sentenced to pay a fine. He has brought the record here, and alleges for error, that the name of a prosecutor was not indorsed on the indictment, as required by the statute. This objection should have been made before trial, by a motion to quash. It is now too late. Crim. Code. § 163.

It also appears by the record that four of the jurors were impaneled and sworn before the defendant had pleaded — that he was then called on for a plea but stood mute, whereupon the

court directed the plea of not guilty to be entered for him, and the trial proceeded. The four jurors were not re-sworn. This is now assigned for error. The objection comes too late. Not having been made at the time, it must be regarded as waived. If the defendant had asked to have the jurors re-sworn, or if he had in any mode objected to the irregularity, the court would undoubtedly have had the oath again administered, and if it had refused to do so, it would probably have been ground for reversal. But these objections must be made in apt time. We decided at this term, in the case of *Chase* v. *The People*, *ante*, p. 352, that even in a capital case the judgmnet would not be reversed because of the incompetency of a juror whom the defendant had neglected to challenge. We can discover no error in this record.

*Judgment affirmed.*