# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF GEORGIA

AT THE

## MARCH TERM, 1897.

### SLAUGHTER *v.* THE STATE.

Though the fact that the oath prescribed in section 979 of the Penal Code had not been administered to the jury trying a criminal case was known to counsel for the accused while the trial was in progress, it was not too late after verdict to take advantage of the court's omission to have the jury duly sworn. The administration of this oath, literally or in substance, was essential to the legality of the trial, and was therefore not a matter which could be waived by the accused or his counsel, either expressly or by silence.

Argued February 1,—Decided March 3, 1897.

Indictment for stabbing. Before Judge Beck. Upson superior court. November term, 1896.

*W. Y. Allen* and *S. N. Woodward*, for plaintiff in error.
*O. H. B. Bloodworth*, solicitor-general, contra.

LUMPKIN, Presiding Justice.

This case turns upon the question whether or not one accused of a criminal offense can, upon his trial, lawfully waive the administration to the jury of the oath prescribed by the Penal Code, so as to render a conviction binding and conclusive upon him. In our endeavor to solve this question we have, with considerable care and pains, examined a large number of the previous decisions of this court, and many outside authorities, with a view to ascertaining whether or not, with reference to this and similar matters, there is any

material distinction to be drawn between a waiver expressly made and one which might be implied from the silence or other conduct of the accused or his counsel, amounting to acquiescence. While it was our intention to make this research, so far as related to rulings of this court, exhaustive, it is of course possible that some pertinent case, or cases, may have been overlooked; but as a result of the investigation, both as respects our own decisions and those of other courts which we have consulted, we are convinced that no such distinction should be regarded as applicable to the main question above stated. Indeed, it would be difficult to conceive how the contrary could be true, if the proper conclusion is that the accused cannot make a binding waiver of the administration to the jury of the required oath; for if this be so, it could not in any given case make the slightest difference whether the alleged waiver was express or implied. Nothing, therefore, remains except to show that such a waiver cannot be lawfully made.

It is essential to the legality of any criminal trial that there should be a lawfully constituted tribunal; and where such tribunal is composed in part of a jury to whom the statute, in the plainest and most unmistakable terms, declares a given oath must be administered, how can the tribunal be considered as lawfully constituted unless the jurors actually take this oath, either literally or in substance? Section 979 of the Penal Code reads as follows: "In all criminal cases the following oath shall be administered to the petit jury, to wit: 'You shall well and truly try the issue formed upon this bill of indictment between the State of Georgia and A. B., who is charged (here state the crime or offense), and a true verdict give according to evidence. So help you God.' "

In view of this plainly expressed mandate of the law, and of the fact that in the case now under consideration there was not even an attempt to comply with it, we might safely rest our decision upon the idea that there was no trial at all;.

because there was no lawful jury. It was, in effect, no more than a trial by a mob; and certainly, no waiver made before a tribunal of that kind could legalize the result reached. Inasmuch, however, as the question in hand is one of considerable importance, we will undertake a further discussion of it, the more especially as this court, in *Smith* v. *The State*, 63 *Ga.* 168, made a ruling bearing upon the point now in issue, by which it is insisted the present case is controlled. That ruling was expressed as follows: "In swearing the jury, if the oath administered deviates from that prescribed by statute, the prisoner should object. Acquiescence until after the verdict has been returned and the jury discharged, is a waiver of objection." This decision is directly supported by the ruling made in State *v.* Robinson, 36 La. Ann. 873, where it was held that: "Objection to the form of the jurors' oath must be made when it is administered, and cannot be made the basis of a motion for a new trial." Precisely to the same effect is State *v.* Baldwin (Kan.), 12 Pac. Rep. 318; and in State *v.* Ice, 12 S. E. Rep. 695, this rule was also recognized in West Virginia. So in Vezain *v.* People, 40 Ill. 397, it was held that swearing some of the jurors before the prisoner's plea was entered was an informality which would be considered as having been waived unless objected to at the time.

In our judgment, the ruling in *Smith's* case can and ought to be upheld on the ground that the oath actually administered to the jury was substantially the same as that which the law prescribes. While it does not so appear in the written synopsis of the points decided, as reported in 63 *Ga.*, the record on file in this court shows that the only variation between the oath prescribed and that administered was, that the words "law and" were inserted, so that the jury were sworn to render a verdict "according to law," as well as "according to evidence." Surely, all verdicts ought to be "according to law"; and it would therefore seem indisputable that the additional words did not vitiate or materially

change the oath, and that the jury were really sworn in compliance with the terms of the statute. In Lancaster *v.* State, 91 Tenn. 267, the jury were "sworn well and truly to try the issues joined," and error was assigned upon the ground that the oath was inappropriate to a criminal case. The court, however, held (page 285): "Though omitting the words 'and true deliverance make,' and some other words of the common law form, the oath thus shown to have been administered is entirely sufficient. Language of precisely the same legal import has, more than once, been held by this court to meet the requirements of the law,"—citing 13 Lea, 260, and 15 Lea, 657.

Where the jury is actually sworn to try the particular case, it may with some reason be regarded as no more than a mere irregularity that the precise form of oath prescribed by statute has been, to some extent, departed from; and, if a mere irregularity, it clearly would be incumbent on the accused to avail himself, at the time, of his strictly legal right to have the proper oath administered. Where, however, the requirements of the statute as to administering an oath to a jury trying a criminal case have been utterly ignored, the question is altogether different, and much more serious. It then becomes jurisdictional in its character, and involves considerations of public policy. As above stated, there must be a lawful tribunal; and where the trial is by jury, it must be legally constituted, or it will be without authority to pass upon the issues submitted.

No one can properly be deemed a juror, or competent to act in that capacity, until he has been duly qualified; and one of the express requirements of the law is, that before he shall enter upon the discharge of his duties, he must take a solemn oath to the effect that he will perform his office uprightly and impartially. This is no empty formality. As remarked by Caton, C. J., in Barney *v.* People, 22 Ill. 160: "With some jurors, and in some cases, too much solemnity cannot be observed in the conduct of the trial. The

solemnity of calling the juror before the prisoner, in the presence of the court, and his there taking the solemn oath prescribed by law to well and truly try and true deliverance make of that prisoner, not only gives the prisoner a comfortable assurance that he is to have a fair and impartial trial, but has a salutary tendency to prepare the mind of the juror for the solemn duty he is assuming. We think the jury should be sworn in each case." It appeared in that case that, "at the commencement of the term, the whole panel was called up and sworn to try all causes which might be submitted to it"; but the court held that: "A jury should not be sworn for the term, but for the trial of each particular case." A like rule has been sanctioned by the Court of Criminal Appeals of Texas, than which no court of the present day has a higher standing as to matters of criminal jurisprudence. Stephens v. State, 25 S. W. Rep., citing previous decisions by that court.

To the contrary was the ruling of the Supreme Court of New York, in Hardenburgh v. Crary, 15 How. Pr. 307; but that was a civil case, decided by a court which was not one of last resort, and the decision has not met with the approval of the text-writers on criminal law. Besides, the decision was constrained by a previous ruling in People v. Albany, 6 Wend. 550 (also a civil case, decided by the same court), based entirely upon a construction of the New York statute, which provided that "the first twelve jurors whose names are drawn from the ballot-box, who appear and are approved as indifferent, shall be the jury to try the issue brought on to trial." Savage, C. J., who delivered the opinion of the court, said that while the statute requires "that such jurors shall be sworn," yet "there is nothing in the revised statutes indicating an intention of changing the mode of swearing the jury at the opening of the courts, which was uniform throughout the state." It will therefore be seen that neither of these decisions can be regarded as authority for the proposition that, in a criminal case, a

special statute requiring the jury to be sworn in each particular case is to be deemed a mere formality which the accused can waive by silent acquiescence in its omission.

Citing and commenting on the two cases just mentioned, Judge Thompson says: "There is some loose opinion to the effect that, where all the jurors selected and drawn are sworn at the commencement of the term to try the several issues upon which they sit as jurors during the term, this will be sufficient, at least unless the complaining party insisted upon having the jury which was impaneled sworn in the particular case. But this is clearly contrary to the course of the common law; and the better opinion is that, where a different practice is not prescribed by statute, it lacks the necessary solemnity, and each jury should be sworn to try the issues in each particular case." 1 Thomp. Trials, §107. In a note, he cites Barney v. People, supra, and, referring to the practice of swearing all jurors at the beginning of the term, adds: "This too much resembles the practice of the economical deacon who blessed the pork barrel instead of asking a blessing at each meal." It may further be mentioned that Judge Thompson, in the following section, recognizes as sound the distinction drawn between administering no oath at all, and administering one other than that prescribed by statute; for he says that while it is error in a criminal case to use the oath provided for civil cases, yet "an objection for such irregularity will not be available if taken *after verdict.*"

So, also, in Thomp. & Merriam on Juries (§290), is the doctrine of the New York cases disapproved, and the language above quoted from Caton, C. J., is accepted as expressing the correct rule, and adopted as the text. In section 288, however, the distinction is made that, where there has been a mere departure from the statutory oath, "after verdict it is too late for a party to object for the first time to the form of oath administered. The same rule is here observed as in the case of irregularities in the impaneling.

A party must object at the time the irregularity is committed. He is not permitted to take the chances of a favorable verdict, and make his objection subsequently."

This rule is expressly recognized and applied in Indiana. State v. Dolan, 23 N. E. Rep. 761, citing previous decisions of that court. However, the necessity of administering *some* oath to the jury is, in that State, regarded as absolutely essential to the legality of a trial. Thus, in Hunnel v. State, 86 Ind. 431, the question arose whether or not it was too late, after arraignment, for the accused to make a motion for a change of venue,—the State's counsel insisting it was, because the trial had begun. But the reviewing court held: "A trial by jury cannot begin until the jury is sworn, and, in a criminal case, does not include the arraignment, or any other merely preparatory proceeding taken prior to swearing the jury to try the cause." And Niblack, J., delivering the opinion of the court, said (page 434): "A jury is a body of men summoned and sworn to decide upon the facts in issue at the trial. 1 Abbott's Law Dictionary. Hence, men summoned as jurors must also be sworn before they constitute an organized and competent tribunal to which the issues in a cause can be submitted for trial. It necessarily follows that a trial by jury can not begin until the jury is sworn,"—citing previous decisions by that court.

In Clark's Crim. Proced. §167, it is said: "In no criminal prosecution can there be a valid trial unless every one of the jurors is sworn, and the fact of swearing must appear on the record;" and many cases are cited in support of the text.

In so far as it may be gathered from any of the above authorities that a failure to swear one, or more, or all, of the jurors trying a civil case would be fatal to the verdict rendered, even where the losing party knew of such failure before the trial ended, and yet made no objection or complaint, we do not wish to be understood as now agreeing to such a conclusion. Our present decision is limited to the question before us as it relates to criminal cases. In civil

cases, the oath, under our law, is administered to all regularly impaneled jurors at the beginning of each term; and there is no practice of specially swearing the jury in each case, as our criminal procedure requires, except, perhaps, as to the oath prescribed for juries impaneled to try claim cases. Our conclusion in the present case is, that while administering the wrong oath to a jury in a criminal case may be regarded as a mere irregularity of which the accused cannot avail himself after deliberately maintaining silence until after verdict, a total failure to swear the jury is a matter which cannot, in any manner or under any circumstances, be waived; and as a consequence, a conviction by an unsworn jury is a mere nullity, of which the accused could not, upon a subsequent arraignment, avail himself by a plea of autrefois convict.

*Judgment reversed. All the Justices concurring.*