(No. 26145.—

The People of the State of Illinois, Defendant in Error, *vs.* Theodore Heine, Plaintiff in Error.

*Opinion filed June 17, 1941.*

HEARD & WILSON, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and ROBERT J. ELLIS, State's Attorney, for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

An indictment in the circuit court of Stephenson county charged plaintiff in error, Theodore Heine, with the crime of taking indecent liberties with a fourteen-year-old girl. He sues out this writ of error seeking reversal of a judgment of guilty, based on the verdict of a jury. The ultimate facts, and the evidence which established them, are very obscene and they will not be set forth in this opinion because they are of no public interest.

It is first contended by plaintiff in error that there was a failure to swear the jury which passed on the issues. This assignment is founded on four affidavits submitted in support of a motion for a new trial, one of them by George Madden, who was a member of the jury, another by William S. Wilson, one of the defendant's attorneys, another by Oscar E. Heard, Jr., the other defense attorney, and one by the defendant himself. These affidavits stated, in substance, that when the first four jurors were accepted they were directed to stand and be sworn; that thereupon all four did arise and that the juror Madden raised his right hand, but noticed that the other three jurors were not raising their hands and that he thereupon dropped his; that

136

none of the said four jurors by any spoken word accepted the taking of the oath, although no one states that the deputy circuit clerk did not administer it.

The objection is void of merit for several reasons. The affidavits show that the defendant and both of his attorneys observed whatever took place, and even if it should be conceded that some irregularity occurred in the selection and swearing of the first panel of jurors, it was waived by their silence at that time when they should have spoken. (*Vezain* v. *People,* 40 Ill. 397.) Furthermore, the record shows that the jury was called and sworn to try the issues. This record imports verity and it cannot be impeached by affidavits. *People* v. *Brown,* 253 Ill. 578; *Owen* v. *Stevens,* 78 id. 462.

It is next urged that the rule frequently applied in rape cases, to the effect that where a conviction depends on the uncorroborated testimony of the complaining witness, such testimony must be clear and convincing to sustain a conviction, should be applied in this case. It is unnecessary to discuss the question of whether such a rule applies to this case, because the conviction does not depend upon the uncorroborated testimony of the aggrieved girl. Her testimony is corroborated by all of the facts and circumstances, by the testimony of her sister and her sister's husband and by the fact that she went with her sister and made complaint to the sheriff within a few hours after the occurrence. In fact, the testimony of the defendant himself, of the girl's mother who actually abetted the offense, and of the defendant's son, who was also in the same house under very immoral circumstances, all corroborated the testimony of the complaining witness, except as to very small details. The record, as a whole, is clear and convincing as to the defendant's guilt.

Complaint is also made of a ruling by the trial court excluding a certain offer of proof. Caroline Heine, the divorced wife of the plaintiff in error, was called as a wit-

ness, and it was offered to prove by her that the father of the prosecuting witness had demanded money of the defendant through his former wife and had exposed an ulterior design of revenge on his former wife, the mother of complaining witness. There was nothing in the offer of proof which in anyway tended to impeach the testimony of any one who testified in the case, and there is nothing in the record to show that the father of the complaining witness, who lived several miles away, had anything whatever to do with the prosecution. What he said to the divorced wife of the plaintiff in error and what his motives may have been against his own divorced wife, could not have had anything to do with the result of this prosecution. The ruling of the trial court is fully sustained by our holding in *People* v. *Boetcher,* 298 Ill. 580, which presented an exactly similar offer and rejection of proof.

Finally, it is urged that the court erred in the giving of an erroneous instruction. Cases are cited to the effect that an erroneous instruction is not cured by the giving of another one which correctly states the rule. It is argued that instruction No. 11 given at the request of the People nullifies instructions Nos. 8 and 9 given at the request of the defendant. Instruction No. 11 tendered by the People was a common and usual stock form instruction, frequently given and frequently approved by this court. (*People* v. *Franklin,* 341 Ill. 499, and cases there cited.) It was as follows: "The rule requiring the jury to be satisfied of the guilt of the defendant from the evidence beyond a reasonable doubt, in order to warrant a conviction is complied with, if, taking the testimony altogether, the jury are satisfied beyond a reasonable doubt that the defendant is guilty. The reasonable doubt that the jury is permitted to entertain to authorize an acquittal must be as to the guilt of the accused on the whole evidence and not as to any particular fact in the case not necessary to constitute the crime charged."

The two instructions which were given at the request of the defendant and which it is claimed were nullified by the foregoing instruction, were also in usual and approved forms. Instruction No. 8 merely told the jury that a reasonable doubt was such a one as in the grave transactions of life would cause a prudent and reasonable man to hesitate and pause. Instruction No. 9 given at the defendant's request directed the jury to find him not guilty if they had any reasonable doubt of his guilt, whether it arose from the evidence or lack of evidence.

As far as the instructions are concerned, we cannot find anything of which the plaintiff in error may justly complain. We have frequently pointed out that all of the law cannot be put into one instruction and that the instructions must be taken as a whole and connected series. Plaintiff in error's argument about conflicting instructions applies only in those cases where the conflicting instructions direct a verdict. They do not apply to any abstract statements of law which are generally applicable to the case and which are generally stated in separate paragraphs or instructions. The only instruction mentioned in the argument which directed a verdict was the one above mentioned, which directed a verdict finding the defendant not guilty, and of this he clearly could not complain. Nothing is to be found in any instruction given at the request of the People which nullified or impaired that one. The defendant had a fair trial, was proved guilty beyond a reasonable doubt and the record is free from error. ·

The judgment of the circuit court of Stephenson county is affirmed.

*Judgment affirmed.*