**STATE of Maine**

v.

**Richard M. POULIN.**

Supreme Judicial Court of Maine.

Argued March 3, 1986.

Decided March 31, 1986.

Janet T. Mills, (orally), Dist. Atty., Auburn, for plaintiff.

David R. Dubord, (orally), Lewiston, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

Richard Poulin appeals from a judgment entered on a jury verdict in Superior Court, Androscoggin County, convicting him of one count of criminal threatening with a dangerous weapon in violation of 17-A

M.R.S.A. §§ 209 & 1252(4) (Class C). The sole issue before us (at oral argument defendant abandoned a second issue raised in his appeal) is whether the Superior Court's failure to administer the statutorily prescribed jury oath, 15 M.R.S.A. § 1254, constituted obvious error, affecting substantial rights of the defendant. We affirm the judgment.

■ A recital of the incident resulting in defendant's indictment for the aforestated crime is irrelevant to our consideration of the issue before us. When the jury was sworn at trial, it was given the following oath:

> You swear that you will well and truly try the issues between the State and the defendant according to your evidence, so help you God?

This was the oath administered to juries in non-capital criminal trials between 1821 through 1977,[1] prior to the Legislature's amendment of 15 M.R.S.A. § 1254.[2] The defendant asserts that the deviation in the wording of the oath deprived him of his constitutional right to a fair trial. We disagree. The defendant failed to object to the oath at time of trial; therefore, this Court reviews only for obvious error affecting substantial rights. Rule 52(b) M.R. Crim.P.; *State v. Cote*, 462 A.2d 487, 488–89 (Me.1983). Our task under the obvious error standard is to carefully review all the circumstances of the trial to determine if there exists a manifestly prejudicial error inclining to produce serious injustice. *Id.; State v. Daley*, 440 A.2d 1053, 1055 (Me. 1982).

■ Although the Law Court has not previously addressed the issue of a deviation from the precise wording of the statute in the oath administered to the jury, the reasoning of courts in other jurisdictions is helpful. For instance, the Court in *Slaugh-*

*ter v. State*, 100 Ga. 323, 326, 28 S.E. 159, 160 (1897) found that:

> Where the jury is actually sworn to try the particular case, it may ... be regarded as no more than a mere irregularity that the precise form of oath prescribed by statute has been, to some extent, departed from; and, if a mere irregularity, it clearly would be incumbent on the accused to avail himself, at the time, of his strictly legal right to have the proper oath administered.

*Id.* See also *State v. Baldwin*, 36 Kan. 1, 7–8, 12 P. 318, 321–22 (1886), aff'd. 129 U.S. 52, 9 S.Ct. 193, 39 L.Ed. 640 (1889) ("A party may not sit quietly by, and ... when convicted, make objections to an irregularity in the oath."). In *State v. Biondic*, 47 Wash.2d 593, 598–99, 288 P.2d 845, 847–48 (1955), the jury was given the incorrect oath for a capital offense case. After an entire day of testimony the mistake was discovered. Unlike the instant case, the defendant in *Biondic* objected to the incorrect oath by making a timely motion for a mistrial, which was denied. On appeal the court affirmed, finding that the omission of certain words from the oath was not a substantial variance from the statutory oath and, therefore, no error resulted. *Id.* In the instant case the jury was not sworn to render "a true verdict" but rather to "well and truly try the issues." Further, the words "to the law" were omitted from the instruction. Applying the reasoning in *Biondic*, only a substantial variance from the statutory oath amounts to an obvious error. We believe the oath given to the jury in the defendant's case did not substantially vary from the statutory oath found in 15 M.R.S.A. § 1254 (1980) and correctly imparted to the jury the responsibilities the jury was sworn to carry out.

1. Title 15 M.R.S.A. § 1254 (1965) provided in pertinent part:

"You swear, that you will well and truly try the issue between the State and the defendant, according to your evidence. So help you God." *See* P.L. 1821, ch. 84, § 12.

2. Title 15 M.R.S.A. § 1254 (1980) provides in pertinent part:

"You swear, that in all causes committed to you, you will give a true verdict therein, according to the law and evidence given you. So help you God."

We agree with the weight of authority in other jurisdictions supporting the premise that a defectively administered oath that substantially comports with the oath mandated by statute, amounts to nothing more than harmless error. *Biondic,* 47 Wash.2d at 598–99, 288 P.2d at 847–48; *Slaughter,* 100 Ga. at 326, 28 S.E. at 160; *Leonard v. Territory,* 2 Wash. 381, 394–95, 7 P. 872, 876–77 (1885); *cf. United States v. Martin,* 740 F.2d 1352, 1358–59 (6th Cir.1984) (defective manner in which oath was administered found to be harmless error); *United States v. Hopkins,* 458 F.2d 1353, 1354 (5th Cir.1972) (per curiam) (same); *Hollis v. People,* 630 P.2d 68, 69 (Colo.1981) (same); *Contra Howard v. State,* 80 Tex.Crim. 588, 593, 192 S.W. 770, 773 (Tex.1917).

We conclude there was no obvious error affecting substantial rights of the defendant.

The entry is:

Judgment affirmed.

All concurring.