S06A1719. SPENCER v. THE STATE.
(640 SE2d 267)

HINES, Justice.

The issue in this appeal is whether a finding of not guilty on a criminal charge returned by an unsworn jury acts as a bar to retrial on such charge. Finding that it does not, we affirm the trial court's denial of the defendant's plea in bar.

Thomas Alan Spencer was indicted for malice murder, felony murder while in the commission of aggravated assault, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony in connection with a fatal shooting. A jury acquitted Spencer of the malice murder count but found him guilty of the remaining charges, and he was sentenced thereon. However, the superior court granted Spencer a new trial[1] because it is undisputed that the jury was never administered the petit jury oath pursuant to OCGA § 15-12-139.[2] Spencer then filed a plea in bar to exclude the

---

[1] Spencer raised, inter alia, the issue of the jury being unsworn in his amended motion for new trial.

[2] OCGA § 15-12-139 provides:
In all criminal cases, the following oath shall be administered to the trial jury:
"You shall well and truly try the issue formed upon this bill of indictment (or accusation) between the State of Georgia and (name of accused), who is charged with (here state the crime or offense), and a true verdict give according to the evidence. So help you God."
The judge or clerk of the court shall administer the oath to the jurors.

malice murder count in the new trial on the basis of double jeopardy.[3] The superior court denied the plea.

This Court has made plain that the petit jury oath provided in OCGA § 15-12-139 is mandatory; consequently, the failure to administer this oath to the trial jury requires the setting aside of any conviction based upon the decision of such an unsworn body and that there be a subsequent retrial. *Grant v. State*, 272 Ga. 213 (528 SE2d 512) (2000), citing *Slaughter v. State*, 100 Ga. 323 (28 SE 159) (1897). See also *Keller v. State*, 261 Ga. App. 769 (583 SE2d 591) (2003). Spencer agrees that any such *conviction* is a nullity; however, he argues that an *acquittal* determined by the same unsworn body is valid and binding because of the constitutional and statutory prohibitions against double jeopardy. Indeed, Spencer posits that no case in any jurisdiction supports the idea that an acquittal by an unsworn jury is a nullity which permits prosecution a second time. But, Spencer need look no farther than the long-standing law of this State.

When, as in this case, a trial jury proceeds without this mandatory oath, the statutory requirement becomes jurisdictional in character, involving considerations of public policy. *Slaughter v. State*, supra at 326.

> [T]here must be a lawful tribunal; and, where the trial is by jury, it must be legally constituted, or it will be without authority to pass upon the issues submitted. No one can properly be deemed a juror, or competent to act in that capacity, until he [or she] has been duly qualified; and one of the express requirements of the law is that, before [the juror] shall enter upon the discharge of his [or her] duties, [the juror] must take a solemn oath to the effect that [the juror] will perform his [or her] office uprightly and impartially. This is no empty formality.

Id.

Consequently, Spencer's jury was wholly without authority to pass upon any of the issues at trial, and therefore, to make any determinations whatsoever regarding guilt or innocence. Spencer's assertion of former jeopardy is also belied by the fact that, in either the context of a constitutional claim or that under the extended state statutory protections, jeopardy does not attach in a jury trial until the jury is both impaneled and *sworn. Alexander v. State*, 279 Ga. 683, 685 (2) (b) (620 SE2d 792) (2005); *Teal v. State*, 203 Ga. App. 440, 442

---

[3] Spencer makes claims of double jeopardy under the Federal and State Constitutions and OCGA § 16-1-8.

(2) (417 SE2d 666) (1992); *Geckles v. State*, 177 Ga. App. 70, 71 (1) (b) (338 SE2d 473) (1985). Thus, Spencer was not placed in jeopardy at all, regardless of the attempted trial and the pronouncements of the fatally infirm jury.

The superior court correctly denied Spencer's plea in bar.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2007.

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.