**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 12, 2016**

# In the Court of Appeals of Georgia

A16A0020. THE STATE v. DESAI.

RICKMAN, Judge.

The State appeals the trial court's ruling granting Kevin Desai a new trial on the ground that the court failed to read the petit jury oath mandated by OCGA § 15-12-139[1] prior to the jury commencing deliberations.[2] The State argues that because

---

[1] OCGA § 15-12-139 provides that:

In all criminal cases, the following oath shall be administered to the trial jury: 'You shall well and truly try the issue formed upon this bill of indictment (or accusation) between the State of Georgia and (name of accused), who is charged with (here state the crime or offense), and a true verdict give according to the evidence. So help you God.' The judge or clerk shall administer the oath to the jurors.

[2] The State's appeal is authorized by OCGA § 5-7-1 (8) ("An appeal may be taken by and on behalf of the State of Georgia from the . . . state courts . . . [f]rom an order, decision, or judgment of a court granting a motion for new trial or an

the jurors took the oath before reaching a verdict and there was no evidence of harm, the trial court erred in its ruling. For the reasons set forth herein, we affirm.

The pertinent undisputed facts are as follows. Desai was arrested after being involved in a single-car accident and was charged with, among other things, driving under the influence of alcohol per se in violation of OCGA § 40-6-391 (a) (5).[3] At trial, after the close of the evidence and the retiring of the jurors to deliberate, the trial judge realized that she may have forgotten to administer the petit jury oath. She conducted a brief investigation into the matter, after which she recalled the jurors and administered the oath. The jurors had been deliberating for approximately 38 minutes before they were properly sworn, and they reached a verdict within ten minutes of returning to the jury room.[4] The trial court thereafter concluded that its failure to

---

extraordinary motion for new trial.").

[3] Desai was also charged with driving under the influence to the extent he was less safe in violation of OCGA § 40-6-391 (a) (1) and failure to maintain a lane.

[4] The jury convicted Desai of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (5) and of failure to maintain a lane, but acquitted him of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1).

2

administer the jury oath prior to the commencement of deliberations rendered the trial a nullity and the court granted Desai a new trial.[5] This appeal follows.

"[T]he petit jury oath provided in OCGA § 15-12-139 is mandatory; consequently, the failure to administer this oath to the trial jury requires the setting aside of any conviction based upon the decision of such an unsworn body." (Citations and punctuation omitted.) *Spencer v. State*, 281 Ga. 533, 534 (640 SE2d 267) (2007). Although its mandate that the trial court give the oath is absolute, the statute does not otherwise prescribe a specific time for the oath to be given. See OCGA § 15-12-139. In *Adams v. State*, 286 Ga. 496, 497-498 (2) (690 SE2d 171) (2010), our Supreme Court addressed the consequences of giving a belated oath. In that case, the oath was given after the close of the evidence, but before the jury began to deliberate. See id. at 496-97 (2). While recognizing that the best practice is to give the oath as soon as the jury is empaneled, the Court nevertheless held that, "in the absence of a showing

---

[5] Concerned about the validity of the trial, the trial court did not enter judgment on the jury's verdict. Its subsequent grant of a new trial was authorized by OCGA § 5-5-40 (h) ("The court . . . shall be empowered to grant a new trial on its own motion within 30 days from entry of the judgment, except in criminal cases where the defendant was acquitted."). In a thorough and well-reasoned order, the trial judge alternatively declared a mistrial and/or granted Desai's motion for new trial after setting forth the errors that she had committed related to the petit jury oath and her investigation into the matter and holding that she could not conclude the errors were harmless.

3

of actual prejudice, there is no reversible error *if a belated oath is given prior to the jury's deliberations*." (Citation omitted; emphasis supplied.) *Adams*, 286 Ga. at 498 (2); see id. at 498, n.5 (2) ("Obviously, the best practice is to give the oath as soon as the jury is empaneled.").

The *Adams* Court drew a clear distinction between (1) a jury which is never sworn or not sworn prior to deliberations, and (2) a jury that is belatedly sworn, but the oath is administered before jury deliberations. *Adams*, 286 Ga. at 498 (2). This distinction is reasonable–and even necessary–for several reasons. First, the statutory oath is "jurisdictional in character," and is a prerequisite to establishing a "legally constituted" tribunal with lawful authority to pass on the issues being submitted. (Citation and punctuation omitted.) *Spencer*, 281 Ga. at 534; see also *Slaughter v. State*, 100 Ga. 323, 326 (28 SE 159) (1897). Second, a sworn jury is an element of an impartial jury:

> No one can properly be deemed a juror, or competent to act in that capacity, until he or she has been duly qualified; and one of the express requirements of the law is that, before the juror shall enter upon the discharge of his or her duties, the juror must take a solemn oath to the effect that the juror will perform his or her office uprightly and impartially.

4

(Citation and punctuation omitted.) *Spencer*, 281 Ga. at 534; see also *Slaughter*, 100 Ga. at 326. And finally, under double jeopardy principles, "in either the context of a constitutional claim or that under the extended state statutory protections, jeopardy does not attach in a jury trial until the jury is both impaneled and *sworn*." *Spencer*, 281 Ga. at 534; see also U. S. Const. Amend. V; OCGA § 16-1-8 (a) (2).

Here, it is undisputed that the jury was not administered the petit oath prior to beginning deliberations and, indeed, was not sworn until it had almost rendered a verdict. We conclude that a belated oath of that nature rendered the jury "fatally infirm" and the trial a mere nullity. *Spencer*, 281 Ga. at 534; see *Slaughter*, 100 Ga. at 330. The trial court, therefore, did not err in granting Desai a new trial.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur*.