**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: February 21, 2023

S22G0303.  BOWMAN v. THE STATE.

BOGGS, Chief Justice.

In February 2014, a Paulding County grand jury indicted Logan Adam Bowman for crimes against his daughter. At the next term of court, Bowman properly invoked his right to a speedy trial pursuant to the applicable speedy trial statute, OCGA § 17-7-170. More than five years later, the State still had not brought him to trial before 12 citizens sworn by the court or the court clerk to "well and truly try the issue formed upon this bill of indictment . . . and a true verdict give according to the evidence," OCGA § 15-12-139, so Bowman filed a motion for discharge and acquittal on speedy trial grounds, which the trial court granted. The State appealed, and in *State v. Bowman*, 361 Ga. App. 465 (863 SE2d 180) (2021), the Court of Appeals reversed, holding that a "trial" by an unsworn group of

citizens satisfies the requirements of OCGA § 17-7-170. We granted

Bowman's petition for certiorari and now reverse the Court of

Appeals' judgment.[1]

1.     On August 30, 2013, the Paulding County Sheriff's Office

arrested Bowman on suspicion of child molestation and incest.

Almost six months later, on February 17, 2014 – during the January

2014 term of the Paulding County Superior Court – the grand jury

indicted Bowman on one count of aggravated child molestation, six

---

[1] The trial court granted Bowman's motion for discharge and acquittal on both statutory and constitutional speedy trial grounds. See OCGA § 17-7-170 (b) ("If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation. . . ."); U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial, by an impartial jury . . . ."); Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a) ("In criminal cases, the defendant shall have a . . . speedy trial by an impartial jury; and the jury shall be the judges of the law and the facts."). The Court of Appeals reversed the trial court's order granting the motion, rejecting both Bowman's statutory and constitutional claims. In light of our conclusion that the trial court correctly granted Bowman's motion under the applicable speedy trial statute, we need not separately address the Court of Appeals' treatment of Bowman's constitutional claims. See *State v. Bell*, 274 Ga. 719, 720 (559 SE2d 477) (2002) (concluding that the defendant's constitutional speedy trial claim was moot once this Court held that he was entitled to discharge and acquittal under the applicable speedy trial statute).

counts of child molestation, and two counts of incest. On September 18, during the July 2014 term, Bowman filed a Demand for Speedy Trial pursuant to OCGA § 17-7-170 and an Assertion of Constitutional Right to Speedy Trial.[2]

Later during the July 2014 term, starting on December 1, the trial court held a proceeding at which the parties selected 12 citizens from among those summoned for jury service to try Bowman's case. However, neither the court nor the court clerk administered the jury oath required by OCGA § 15-12-139, which says:

> In all criminal cases, the following oath shall be administered to the trial jury: "You shall well and truly try the issue formed upon this bill of indictment (or accusation) between the State of Georgia and (name of accused), who is charged with (here state the crime or offense), and a true verdict give according to the evidence. So help you God." The judge or clerk shall administer the oath to the jurors.

Instead, on the morning of December 2, the court gave preliminary instructions, the parties made opening statements, and the State

---

[2] The Paulding County Superior Court has two regular terms of court each year, one starting the second Monday in January, and the other starting the second Monday in July. See OCGA § 15-6-3 (31.1).

3

called its first witness. On December 3, the State rested, and Bowman called the first of two witnesses. Bowman himself did not testify. On December 4, the parties made closing arguments, the court gave a jury charge, and before noon, the 12 citizens retired to deliberate.

On December 5, after deliberating for more than a day, the unsworn group of 12 citizens purported to return verdicts acquitting Bowman on seven of the nine counts of the indictment and finding him guilty beyond a reasonable doubt of one count each of child molestation and incest. On December 30, the court held a sentencing hearing and sentenced Bowman to a total term of 50 years in prison with the first 15 years to be served in confinement and the remainder to be served on probation. Bowman filed a timely motion for new trial.

More than four years later, at a status conference on March 7, 2019, Bowman requested the appointment of conflict counsel, and the court granted his request. Conflict counsel filed an amended motion for new trial arguing, among other things, that the complete

4

failure to administer the jury oath was a structural error that required setting aside the verdicts, Bowman's judgment of conviction, and his sentence. At a hearing, the State informed the court that it had investigated the matter and determined that the jury oath was never administered to the 12 citizens who purported to decide Bowman's case. The court entered a consent order setting aside the verdicts, Bowman's judgment of conviction, and his sentence and reinstating his case to active status on the court's trial calendar.

On November 27, 2019, through new counsel, Bowman filed a motion for discharge and acquittal on statutory and constitutional speedy trial grounds. On the same day, the State filed a motion seeking a declaratory order that the December 2014 proceeding "constitute[d] a trial" for the purpose of satisfying Bowman's Demand for Speedy Trial pursuant to OCGA § 17-7-170 and the speedy trial provisions of the Sixth Amendment to the United States Constitution and the Georgia Constitution. The court held an evidentiary hearing at which Bowman presented evidence that

5

juries were impaneled and qualified to hear cases at the July 2014 term of court, the January 2015 term of court, and the nine succeeding terms of court since then. On March 30, 2020, the court entered an order granting Bowman's motion for discharge and acquittal, relying on this Court's decisions in *Slaughter v. State*, 100 Ga. 323 (28 SE 159) (1897), and *Spencer v. State*, 281 Ga. 533 (640 SE2d 267) (2007). Two days later, the court ordered Bowman's immediate release after more than six-and-a-half years in custody.

The State appealed, and on October 5, 2021, the Court of Appeals issued an opinion reversing the trial court's order granting Bowman's motion for discharge and acquittal. The Court of Appeals acknowledged that Bowman properly invoked his right under OCGA § 17-7-170 to be tried no later than the January 2015 term of court. See *Bowman*, 361 Ga. App. at 466. However, citing dictionary definitions of the word "trial," the Court of Appeals held that "Bowman was 'tried' or placed on 'trial' within the plain meaning" of OCGA § 17-7-170 at the December 2014 proceeding. Id. at 472. The Court of Appeals also rejected Bowman's speedy trial claim based on

6

the Sixth Amendment to the United States Constitution and the Georgia Constitution. See id. at 473-475.

We granted Bowman's petition for certiorari and posed the following question:

> Was [Bowman] deprived of his statutory or constitutional right to a speedy trial where the trial he received was held before a jury that had not sworn the oath required by OCGA § 15-12-139?

The case was orally argued in this Court on September 20, 2022.

2. The dispute in this case centers on the meaning of the words "trial" and "tried" in OCGA § 17-7-170. Subsection (a) of OCGA § 17-7-170 says:

> Any defendant against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the defendant's life may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter . . . .

Subsection (b) then says:

> If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the

7

defendant shall be absolutely discharged and acquitted of the offense charged in the indictment . . . .[3]

In interpreting statutes, we "presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (751 SE2d 337) (2013) (citation and punctuation omitted).

> [A]nd so, we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. The common and customary usages of the words are important, but so is their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law – constitutional, statutory, and common law alike – that forms the legal background of the statutory provision in question.

*Zaldivar v. Prickett*, 297 Ga. 589, 591 (774 SE2d 688) (2015) (citations and punctuation omitted). Thus, "[w]e construe statutes in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence." *In the Interest of*

---

[3] The remaining subsections of the statute specify when a demand for speedy trial expires, how the statute applies when a jury returns a verdict but the judgment is reversed on appeal, how the statute applies when a case ends in a mistrial, and how the statute applies when the defendant files a special plea of incompetency to stand trial or the court conducts a trial on the competency of the defendant. See OCGA § 17-7-170 (c) - (f).

*M. D. H.*, 300 Ga. 46, 53 (793 SE2d 49) (2016) (citation and punctuation omitted).

Here, the Court of Appeals erred in failing to give proper weight to the constitutional background of the applicable speedy trial statute and this Court's precedents. The "speedy trial" that criminal defendants charged with noncapital crimes have the right to demand under OCGA § 17-7-170 (a) is the same "speedy trial" that is guaranteed by the Sixth Amendment to the United States Constitution and the Georgia Constitution. U.S. Const. amend. VI (guaranteeing "right to a speedy . . . trial, by an impartial jury," in all criminal prosecutions); Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a) (guaranteeing that "[i]n criminal cases, the defendant shall have a . . . speedy trial by an impartial jury"). See *Durham v. State*, 9 Ga. 306, 309 (1851) (stating that statutory predecessor to OCGA § 17-7-170 "was wisely and humanely framed to carry into effect that provision of the Constitution which declares, that 'in all criminal prosecutions, the accused shall enjoy the right to a *speedy* and public trial'"). OCGA § 17-7-170 provides a mechanism that criminal

9

defendants may employ to ensure that their constitutionally guaranteed right to a speedy trial is not violated. See *Denny v. State*, 6 Ga. 491, 493 (1849) ("This law puts it in the power of the accused to compel a trial, as early as the second term of the Court after the bill is found, in cases not capital . . . .").

More than 125 years ago, this Court held that administration of the jury oath now codified at OCGA § 15-12-139 is an indispensable prerequisite to a legally valid jury trial. See *Slaughter v. State*, 100 Ga. 323, 324 (28 SE 159) (1897) ("It is essential to the legality of any criminal trial that there should be a lawfully constituted tribunal; and where such tribunal is composed in part of a jury . . . how can the tribunal be considered as lawfully constituted unless the jurors actually take this oath, either literally or in substance?"). We held in *Slaughter* that because no attempt had been made to comply with the jury oath statute, "there was no trial at all, because there was no lawful jury. It was, in effect, no more than a trial by a mob . . . ." Id. at 324-325. We further explained that "[w]here . . . the requirements of the statute as to administering an

oath to a jury trying a criminal case have been utterly ignored," there is a jurisdictional defect in the proceedings, because "there must be a lawful tribunal; and where the trial is by jury, it must be legally constituted, or it will be without authority to pass upon the issues submitted." Id. at 326.

Put differently, the administration of the jury oath is what turns the 12 citizens selected to hear a criminal case into a jury invested with the authority to decide whether the accused is guilty of a crime. Without the oath, there is no jury; and without the jury, there is no trial. See id. at 329 ("'A jury is a body of [citizens] summoned and sworn to decide upon the facts in issue at the trial. Hence, [citizens] summoned as jurors must also be sworn before they constitute an organized and competent tribunal to which the issues in a cause can be submitted for trial.'" (citation omitted)). See also *Martinez v. Illinois*, 572 U.S. 833, 839-840 (134 SCt 2070, 188 LE2d 1112) (2014) ("Jeopardy attaches when a defendant is 'put to trial,' and in a jury trial, that is when a jury is empaneled *and sworn*." (citation and some punctuation omitted; emphasis added). A

11

proceeding conducted before 12 citizens who have not taken the jury oath is nothing more than an "attempted trial," *Spencer v. State*, 281 Ga. 533, 535 (640 SE2d 267) (2007), which does not satisfy the requirements of OCGA § 17-7-170.

The Court of Appeals' holding that the December 2014 proceeding constituted a "trial" at which Bowman was "tried" for purposes of OCGA § 17-7-170 cannot be squared with this Court's decisions in *Slaughter* and *Spencer*. Accordingly, we reverse the judgment of the Court of Appeals.

*Judgment reversed. All the Justices concur, except Pinson, J., disqualified.*