## LOGAN *v.* THE STATE.

A defendant in a misdemeanor case can waive trial by jury, whether the same be upon accusation drawn by the prosecuting officer or upon indictment, and can do so in the city court of Savannah. And where the waiver was entered upon a printed form in the words, "The defendant, . . . being in open court, waives arraignment and a trial by jury, pleads not guilty and puts himself upon the country," and through inadvertence the last five words were not erased, they became surplusage and meaningless, and did not vitiate the waiver. The defendant, having voluntarily entered into the same, and having been convicted by the judge, is estopped from calling it in question.

December 1, 1890.

Criminal law. Practice. Waiver. Estoppel. Trials. Before Judge HARDEN. City court of Savannah. May term, 1890.

Reported in the decision.

T. S. Morgan, Jr., for plaintiff in error.

W. W. Fraser, solicitor-general, by S. B. Adams, contra.

Simmons, Justice.

Logan was indicted and tried for the offence of assault and battery, and was convicted. He made a motion for a new trial upon numerous grounds, which was overruled by the court, and he excepted. It appears from the record that he was indicted by the grand jury of the city court of Savannah, and that when the case was called finally for trial, he waived a trial by jury and consented to be tried by the judge of that court. Pending the trial the defendant moved to withdraw his waiver of jury trial, and demanded to be tried by a jury, but the court overruled the motion and proceeded with the trial. It was contended by counsel for the defendant that he had the right to withdraw his consent to be tried by the court, because there was not a full waiver of trial by jury, the language of the waiver being as follows:

"The defendant, Hugh Logan, being in open court, waives arraignment and a trial by jury, pleads not guilty and puts himself upon the country.

(Signed)       T. S. Morgan, att'y for defendant."

It was contended that "in law this was no waiver of trial by jury, it being contradictory in its terms; that while in one part it waives trial by jury, in another it demands a jury, the words ' puts himself upon the country' being equivalent in law to putting himself for trial upon a jury." We think that when the defendant appeared in court, entered into this waiver, and consented to be tried by the judge and proceeded to trial before him without a jury, he thereby consented to be tried without a jury; and the words " puts himself upon the country" were surplusage or meaningless, especially as

it appears from a note by the judge who tried the case that the waiver of trial by jury was written upon a printed form which contained these words, and the solicitor-general through inadvertence had failed to erase them.

The controlling question, however, in the case, is whether a defendant in a misdemeanor case can waive trial by jury in this State. The trial judge held that the defendant could do so, and had done so, in this case; and we think the ruling was correct. Whatever may be the decisions in other States as to the right to waive trial by jury in cases of misdemeanor, we do not think there can be any doubt that the defendant had this right under our law. Our code declares (§10) that " a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest." The waiver in this case did not injure others, nor did it affect the public interest. The legislature in various acts establishing city and county courts has provided for waiver of trial by jury in misdemeanor cases; and these acts are declarations upon the part of the legislature that such waiver does not affect the public interest or contravene public policy. The act establishing the city court of Savannah, in which this defendant was tried, authorizes the judge thereof to " hear and determine the case of any person charged with the commission of any criminal offence within the jurisdiction of said court, upon accusation drawn up by the prosecuting officer, without a jury : provided the person accused shall in open court waive indictment or presentment by a grand jury, and arraignment and trial by a petit jury, " etc. Code, §4917.

It was argued that this statute provides merely for cases where the trial is upon an accusation drawn up by the prosecuting officer, and not for cases tried upon an indictment preferred by the grand jury, as was done

in this case. But it is immaterial whether this statute provided for the waiver in this case or not, for as we have already shown, the general law as to waiver, independently of this statute, was sufficient to authorize the waiver. It authorizes, as we have seen, every waiver except such as may " injure others or affect the public interest," or in other words, contravene public policy. And this special statute itself is an expression by the legislature that the public interest is not affected nor public policy contravened by waiver of jury trial and by trial without a jury by the judge of the city court of Savannah in cases of this grade. Nor is the force of this statute as an expression of public policy impaired by the fact that it fails to provide for waiver where the charge is not made by accusation, but by indictment, as in this case. We know of no consideration of public policy which renders a jury more imperatively demanded by the public interest and the judge less competent to pass upon the issue when the offence is charged by indictment, than when the same offence is charged by an accusation. Where the right to waive jury trial is denied upon the ground of public policy, it is because trial by jury is regarded as the only proper mode for the trial of the offence, and as essential to the public interest, but it is clear from this statute that the legislature of this State regarded trial by the judge of the city court of Savannah, without a jury, as a proper mode for the trial of the offence charged against this defendant, and as not opposed to the public interest.

Authority is abundant in other States to the effect that public policy is not contravened by statutes authorizing waiver of jury trial in offences of this grade; and there is no reason to suppose that public policy in this State is more restricted on the subject. Indeed, interpreting that policy by the absence of any restriction in our constitution or law, upon the right to waive trial by

jury, and by the existence of various statutes which
recognize this right as to the courts which they create,
and by the language of this court in the past, we see no
consideration of public policy which would exclude the
waiver in this case from the broad provisions of our
own statute as to waivers generally.    This court has
gone so far as to say, " We lay down the broad proposi-
tion that a prisoner may waive even a trial itself, and
be capitally punished upon his own confession of guilt;
he may waive any minor right or privilege."   LUMPKIN,
J., in *Sarah* v. *The State,* 28 *Ga.* 581.   There is no rea-
son why a prisoner in a case of this kind should not
have the right to be tried by a conscientious and intelli-
gent judge, if he prefers it, as well as the right to be
tried by a jury.   There may be reasons, indeed, why he
should prefer the former to the latter, especially as it
may often conduce to the speedy trial which it is the
policy of the law to accord him.

The defendant in this case knew that he had the right
to be tried by a jury, but he chose to " waive or re-
nounce what the law had established in his favor."
He appeared in court and voluntarily waived it, and
agreed to be tried by the court without a jury, and
acted upon his waiver and consent by proceeding to
trial.   After the trial had proceeded somewhat, and
when he probably saw that he was likely to be convicted
under the evidence, he sought to undo his own act and
withdraw his consent; and after conviction, insisted
that he had no right to give his consent.   We think he
did have the right, and having thereby given to the
court which had jurisdiction of his case, jurisdiction
also to try him without a jury, he is estopped after con-
viction from calling it in question.   Not only was his
consent freely and voluntarily given, but, as appears
from the record, he urged upon the court to try him
without a jury, even after the judge had expressed his

desire and request to be released from that duty. Upon the subject of waiver, see *Cunningham* v. *The State*, 80 *Ga.* 4.

There are other grounds in the motion for a new trial, some of them not properly approved by the court, and others immaterial in the view we take of the case; and we think it unnecessary to discuss them further than to say that the evidence was sufficient to authorize the judgment.          *Judgment affirmed.*