## WEISS *v.* HOOD, Warden, *et al.*

JENKINS, Presiding Justice. This is the second habeas corpus by the movant, serving a life sentence for murder on a conviction had in Cobb Superior Court. The grounds involved in the present writ are: 1. The movant was convicted without any proof that the crime was committed in Cobb County. 2. The trial was illegal, in that only eleven jurors were impaneled and sworn, who brought in the verdict of guilty. *Held:*

1. Irrespective of any question as to the propriety of going into the sufficiency of the evidence as related to venue in a habeas corpus proceeding, the evidence adduced in the original trial, as attached to the petition in the habeas corpus proceeding, amply warrants, if indeed it does not conclusively show, from all the attendant facts and circumstances, that the homicide was committed in Cobb County, Georgia.

(a) The proof being adequate on the question of venue, the court will not pass upon the constitutionality of Code, § 6-1609, providing: "No judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the original or amended motion for a new trial."

2. The evidence plainly shows that the movant was represented at the trial by two able local counsel together with a third attorney from his own State of North Carolina; that, upon eleven jurors being selected, the defense had exhausted their strikes, and counsel for the defendant conferred among themselves and with the defendant as to the advisability of going on with eleven jurors, rather than risk having to take whoever might be next called and presented; and that it was thought best, in this conference made up of the defendant's counsel and the defendant, that such procedure would be advisable, and thereupon the proposition was offered to the solicitor-general and counsel aiding him in the prosecution, who acquiesced therein. A statement was made in open court by the defendant's counsel in his presence that such a procedure had been agreed upon; and it was in accordance with such an agreement that the case went to trial with eleven, instead of twelve, jurors. See *Fowler* v. *Grimes*, 198 *Ga.* 85 (31 S. E. 2d, 174). In view of all these facts, the complaint that the defendant has been deprived of his constitutional right to a trial by jury is without merit.

3. No defense is in any wise raised to the writ of habeas corpus by invoking the doctrine of res judicata. Consequently, no decision or intimation on that question will be made. See, in this connection, *Perry* v. *McLendon*, 62 *Ga.* 598; *Pryor* v. *Pryor*, 164 *Ga.* 7 (2), (137 S. E. 567); *Williams* v. *Lawrence*, 193 *Ga.* 381 (18 S. E. 2d, 463).

4. The judgment denying the writ of habeas corpus was correct, and must stand                    *Affirmed. All the Justices concur.*

No. 15444. MAY 7, 1946. REHEARING DENIED JUNE 6, 1946.

James R. Venable, Frank A. Bowers, Frank Grizzard, and Jackson L. Barwick, for plaintiff.

Eugene Cook, Attorney-General and Daniel Duke, Assistant Attorney-General, for defendants.