39486. GLASS v. THE STATE.

MARSHALL, Presiding Justice.

The appellant was indicted on five counts of bribery.

His trial began on May 24, 1982. On the morning of June 8, the jury began its deliberations. On the afternoon of June 9, the foreman of the jury announced that the jury had reached a unanimous verdict of not guilty on Counts 4 and 5, but that the jury was unable to reach a unanimous verdict on the remaining counts. Defense counsel objected to the trial court's declaring a mistrial on the remaining counts, and the jury was instructed to continue deliberations until 6:30 or 7:00 p.m.

The trial was reconvened at 9:00 a.m. on June 10, and the jury continued its deliberations. At 11:45 a.m., the jury was brought into the courtroom, and the foreman of the jury was instructed by the trial court to give the vote of the jury by numerical count without indicating whether the vote was for guilty or not guilty. The foreman stated as follows: On Count 1, the vote of the jury was 10, 1, and 1; on Count 2, the vote of the jury was 10 and 2; and on Count 3, the vote of the jury was 10 and 2. The jury resumed deliberations, and at 4:15 p.m. the jury was brought back into the courtroom. The foreman stated that at that point the numerical count was 11 to 1 on Counts 1 and 2, and that the jury had not gotten to Count 3. The foreman further stated that he thought the jury was hopelessly deadlocked on Counts 1 and 2, and he could not comment on Count 3. Jury deliberations again resumed, and at 5:00 p.m. the jury was again brought into the courtroom. Each juror indicated that the jury was hopelessly deadlocked on Count 1, that they had made some progress on Count 2, and that they had not gotten to Count 3. At 5:15 p.m., the trial was adjourned.

The trial reconvened at 9:00 a.m. on June 11. At 2:00 p.m., the

jury was brought into the courtroom, and it was stated that their vote was 11 to 1 on all three counts. At this point, defense counsel stated that, upon consultation with his client, they had decided to waive whatever right the defendant had to a unanimous verdict. The prosecuting attorney refused to agree to the waiver of a unanimous verdict, and the trial judge refused to allow the waiver. The jury was sent back out to resume deliberations. At 4:00 p.m., the jury returned to the courtroom, and it was stated that their vote was still 11 to 1 on Counts 1, 2 and 3. Six jurors stated that the jury was hopelessly deadlocked. Five jurors indicated that there was still some possibility that a verdict could be reached. The court then ruled that since a majority of the jurors indicated that they were hopelessly deadlocked, and since they had been deliberating for more than four days, a mistrial would be declared.

At the request of defense counsel, the trial court determined from the jury foreman that the vote of the jury on the deadlocked counts was 11 to 1 for not guilty on each count. The defendant now appeals the trial court's denial of his motion for judgment of acquittal on Counts 1, 2 and 3 notwithstanding the declaration of mistrial. In this appeal, he argues that he had a right to waive a unanimous verdict. He also argues that, because of his proffered waiver of a unanimous verdict and because of the possibility that the jury would still reach a unanimous verdict, the declaration of a mistrial was unnecessary.

1. In the seminal decision of Patton v. United States, 281 U. S. 276 (50 SC 253, 74 LE 854) (1930), it was held that under the Sixth Amendment a criminal defendant has a right to a unanimous jury verdict, but there can be a waiver by the defendant of this right. However, in Patton, the Court was careful to note, "In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, we do not mean to hold that the waiver must be put into effect at all events. That perhaps sufficiently appears already. Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And

the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." 281 U. S., supra, at p. 312.

Although there are some states which hold that a defendant in a criminal case cannot waive a jury of 12 jurors and accede to a trial by a lesser number, "[t]he trend, however, of the recent authorities is in favor of the view that the constitutional right of an accused to a trial of the charge against him by a jury of 12 persons is a right which the accused may waive, even in a felony or capital case, *at least if such waiver is had with the consent of the state counsel and the sanction of the court.*" (Emphasis supplied; footnotes omitted.) 47 AmJur2d 729, Jury, § 128.

In Georgia, it has been held that a criminal defendant can waive his right to a unanimous verdict. *Copeland v. State,* 241 Ga. 370 (4) (245 SE2d 642) (1978); *Timmons v. State,* 223 Ga. 450 (1) (156 SE2d 68) (1967); *Weiss v. Hood,* 200 Ga. 795 (2) (38 SE2d 559) (1946); *Wilson v. State,* 145 Ga. App. 315 (4a) (244 SE2d 355) (1978). However, in these cases, the defendants' waiver of a unanimous verdict was agreed to by the trial judge and/or the prosecuting attorney. In line with Patton v. United States, 281 U. S., supra, at p. 312, we hold that "before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." We, therefore, hold that the trial court was authorized to refuse to sanction the waiver here.

2. Retrial of a criminal defendant after a mistrial caused by the inability of the jury to reach a verdict does not constitute double jeopardy where there is manifest necessity for declaring the mistrial. *Orvis v. State,* 237 Ga. 6 (2) (226 SE2d 570) (1976); United States v. Perez, 22 U. S. 579 (6 LE 165; 9 Wheat 579) (1824). Where the jury is hopelessly deadlocked, this constitutes manifest necessity for declaring a mistrial. *Orvis v. State,* supra; United States v. Perez, supra. The determination as to whether the jury is in fact hopelessly deadlocked is a matter "somewhat in the discretion" of the trial court. See *Hyde v. State,* 196 Ga. 475 (1) (26 SE2d 744) (1943). Accord, United States v. Perez, supra.

From our review of the record, we cannot say that the trial court abused its discretion in ruling that the jury was hopelessly deadlocked and declaring a mistrial as to Counts 1, 2 and 3 here.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 1983.

*Jones & Worozbyt, Theodore S. Worozbyt, William A. Morrison,* for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.