## S99A1631. MOODY v. THE STATE.
(525 SE2d 360)

THOMPSON, Justice.

Charles Moody, Jr. was charged in a multi-count indictment with two counts of malice murder in the shooting deaths of Georgia Bell Anthony and Joann Anthony; aggravated assault by pointing a firearm at Jessica Anthony; burglary; possession of a firearm during commission of a felony (murder); and simple battery on Jessica Anthony. The case was tried to a jury which returned a partial verdict, convicting Moody of aggravated assault, simple battery, and possession of a firearm during the commission of a felony. The trial court declared a mistrial as to the two murder counts and the burglary offense due to the jury's inability to reach a unanimous verdict. Following the entry of the verdict, the court granted Moody's motion

for directed verdict of acquittal on the conviction for weapon possession.[1]

Upon learning that the State was seeking retrial on the two murder counts, Moody filed a special plea of former jeopardy in which he argued that the directed verdict on the weapon possession count prevented retrial on the murder charges. The State filed an extraordinary motion for new trial, asserting that the court had no authority to direct a verdict following conviction; therefore, Moody's double jeopardy argument was rendered moot. After a hearing, the trial court granted the State's motion and denied Moody's motion. We affirm the denial of Moody's plea of former jeopardy. But because there is no authority for the State to seek a new trial in a criminal case and the trial court was without jurisdiction to entertain the State's motion, we reverse the grant of the State's extraordinary motion for new trial.

1. Our Constitution provides that "[n]o person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." Ga. Const. 1983, Art. I, Sec. I, Par. XVIII. This principle is codified at OCGA § 16-1-8 (e) (2) (C), which restates that retrial is not barred where a former prosecution was terminated because the jury was unable to agree on a verdict. In accordance therewith, we have consistently held that double jeopardy does not prevent retrial where the declaration of mistrial is caused by the jury's failure to reach a verdict. See *Rower v. State*, 267 Ga. 46 (472 SE2d 297) (1996); *Phillips v. State*, 238 Ga. 632 (235 SE2d 12) (1977); *Cameron v. Caldwell*, 232 Ga. 611 (208 SE2d 441) (1974). It follows that the trial court correctly denied Moody's special plea of former jeopardy.

We also reject Moody's theory that the direction of a verdict on the weapons offense barred retrial on the murder charges because the use of a firearm was an essential element of the murder counts. "[T]here is express legislative intent to impose double punishment for conduct which violates both [OCGA § 16-11-106] and other felony statutes." *Miller v. State*, 250 Ga. 436 (298 SE2d 509) (1983). Such double punishment is neither constitutionally prohibited, nor violative of double jeopardy. Id. We also note that the jury *convicted* Moody of the weapons charge; it was only by a post-verdict ruling of the trial court that this conviction was purportedly overturned.[2]

---

[1] The indictment was returned on February 19, 1996, charging offenses which occurred on November 28, 1995. Trial commenced on October 18, 1996. The verdict was returned on October 23, 1996, and Moody was sentenced on the same day to 20 years imprisonment for aggravated assault, plus 12 consecutive months for simple battery. No appeal was taken from the judgments of conviction.

[2] There is no provision in Georgia law authorizing a trial court to entertain a motion for judgment of not guilty notwithstanding a verdict of guilty in a criminal case. *Wilson v. State*,

2. Notwithstanding our ruling in Division 1, we reverse the grant of the State's extraordinary motion for new trial on the weapons offense charge. The State's right to challenge a judgment in a criminal case is limited by OCGA § 5-7-1. *Glenn v. State*, 271 Ga. 604 (523 SE2d 13) (1999); *Berky v. State*, 266 Ga. 28 (463 SE2d 891) (1996). An extraordinary motion for new trial is not among those statutorily enumerated circumstances in which the State may challenge a judgment in a criminal case. Accordingly, the trial court was without jurisdiction to entertain the State's motion or to grant the requested relief.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED FEBRUARY 11, 2000.

*John T. Martin,* for appellant.

*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General,* for appellee.

---

215 Ga. 775 (1) (113 SE2d 607) (1960). Since *Wilson*, the legislature created a statutory right to seek a directed verdict of acquittal in a criminal case *during trial*, codified as OCGA § 17-9-1; however, that statute does not apply after the entry of a verdict. Although this issue is not presently before the Court, we observe that a judgment which is "void for any other cause, is a mere nullity and may be held so in any court where it becomes material to the interest of the parties to consider it." OCGA § 17-9-4.