## S03A0282. HOWARD v. LANE.
(581 SE2d 1)

HINES, Justice.

Paul Howard, the Fulton County District Attorney, has filed this appeal from the denial of a petition for a writ of prohibition. Finding that this Court is without jurisdiction to address this matter, we dismiss.

The State sought to prosecute Larry McGinty on a felony indictment. McGinty waived his right to a jury trial, and the State objected. The trial court, the Honorable Bensonetta Tipton Lane presiding, overruled the State's objection. The State then, through Howard, sought a writ of prohibition to prevent Judge Lane from conducting the trial without a jury. The writ was denied. Shortly thereafter, the State sought in this Court a stay of McGinty's trial, which this Court granted. Subsequently, the State filed its notice of appeal from the denial of the writ of prohibition, and this appeal was docketed in this Court.

It is incumbent upon this Court to inquire into its own jurisdiction. *Collins v. AT&T*, 265 Ga. 37 (456 SE2d 50) (1995). In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the State in criminal cases. See *State v. Tyson*, 273 Ga. 690, 691 (1) (544 SE2d 444) (2001). Accord *Moody v. State*, 272 Ga. 55, 56 (2) (525 SE2d 360) (2000); *Berky v. State*, 266 Ga. 28, 30 (463 SE2d 891) (1995). The ruling sought to be reversed does not fall within the provisions of OCGA § 5-7-1 (a).[1] Although Howard argues

---

[1] OCGA § 5-7-1 (a) provides that:

An appeal may be taken by and on behalf of the State of Georgia from the superior courts, state courts, City Court of Atlanta, and juvenile courts and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases and adjudication of delinquency cases in the following instances:

(1) From an order, decision, or judgment setting aside or dismissing any indictment, accusation, or petition alleging that a child has committed a delinquent act or any count thereof;

(2) From an order, decision, or judgment arresting judgment of conviction or adjudication of delinquency upon legal grounds;

(3) From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy;

(4) From an order, decision, or judgment suppressing or excluding evidence illegally seized or excluding the results of any test for alcohol or drugs in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant

that the petition for a writ of prohibition is a separate civil proceeding and that the ruling thereon is final and therefore appealable, see OCGA § 5-6-34 (a) (1), that does not end the inquiry. As we stated in *Rebich v. Miles*, 264 Ga. 467-468 (448 SE2d 192) (1994), "the underlying subject matter generally controls over the relief sought in determining the proper appellate procedure." Here, the underlying subject matter is the criminal prosecution, and the trial court's ruling entered therein; but for that ruling, the State would not have sought a writ of prohibition. Further, the fact that the first action initiated in this Court, even before the notice of appeal was filed, was to seek a stay of the non-jury trial also shows that the underlying subject matter is the criminal prosecution. And the only matter addressed in the petition for a writ of prohibition was Judge Lane's order in the criminal proceeding.

Viewing this case in the proper light, it is clear that there is no jurisdiction in this Court. The trial court in a criminal case has made a ruling with which the State takes issue, i.e., that because the defendant has waived a jury trial, a bench trial will take place. The State has not attempted to directly appeal that ruling because it has no right to do so under OCGA § 5-7-1. Rather, the State, in the person of the District Attorney, has attempted to avoid this statute and has attacked the ruling through the device of a writ of prohibition. However, inasmuch as the underlying subject matter is the criminal prosecution and a ruling made therein, and from which the State has no ability to appeal, the appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

CARLEY, Justice, concurring.

I am compelled to concur in the dismissal of this case because OCGA § 5-7-1, as presently worded, does not authorize the State to appeal the trial court's ruling that, without the consent of the defendant, the prosecution does not have a right to a jury trial in a criminal case. The validity of the order ostensibly arises in the context of a civil petition for a writ of prohibition filed by the District Attorney, but, as the majority correctly notes, appellate jurisdiction generally is determined by the underlying subject matter rather than the relief sought. *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994). Because the subject matter which underlies this case is a ruling in a pending criminal case, the prosecution's right to appeal is limited by OCGA

being put in jeopardy, whichever occurs first;

(5) From an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state; or

(6) From an order, decision, or judgment of a superior court transferring a case to the juvenile court pursuant to subparagraph (b) (2) (B) of Code Section 15-11-28.

§ 5-7-1. "The State cannot . . . circumvent OCGA § 5-7-1 (a) and create an alternative avenue for appeal. [Cit.]" *Berky v. State*, 266 Ga. 28, 29 (463 SE2d 891) (1995). Compare *Benefield v. State of Ga.*, 276 Ga. 100 (575 SE2d 453) (2003) (prohibition sought by State agencies having post-conviction sentencing authority).

Although I must concur in the dismissal, I do so reluctantly. "The right to trial by jury shall remain inviolate. . . ." Art. I, Sec. I, Par. XI (a) of the Ga. Const. of 1983. This constitutional provision does not purport to confer the right to a jury trial *only* upon the defendant in a criminal case. See *McCorquodale v. State*, 233 Ga. 369, 374 (3) (211 SE2d 577) (1974) (trial court not required to accept accused's waiver of jury trial); *Palmer v. State*, 195 Ga. 661, 668 (1) (25 SE2d 295) (1943) (defendant not entitled to insist trial court conduct a bench trial). "Before a waiver of jury trial in a criminal case can become effective, the *consent of government counsel* and the sanction of the court must be had. . . ." (Emphasis supplied.) *Patton v. United States*, 281 U. S. 276, 277 (12) (50 SC 253, 74 LE 854) (1930) (construing federal law). Therefore, I believe that the trial court's ruling in this case erroneously subordinates the prosecution's "inviolate" constitutional right of trial by jury to the defendant's request for a bench trial. Unfortunately, however, that incorrect ruling is, and all like it are, currently insulated from appellate review. I have previously pointed out that the narrow confines of OCGA § 5-7-1 can prevent an appeal from a ruling which is "no less of a potential impediment to the administration of justice" than are the rulings now appealable under that code section. *Ritter v. State*, 269 Ga. 884, 886 (506 SE2d 857) (1998) (Carley, J., concurring). I again encourage the General Assembly to amend the statute so as to permit an appeal of all adverse pre-trial rulings in a criminal case, which negatively impact the ability of the State to properly and effectively conduct the prosecution of said case.

DECIDED MAY 19, 2003 —
RECONSIDERATION DENIED JUNE 6, 2003.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellant.

*Thurbert E. Baker, Attorney General, Kyle A. Pearson, Assistant Attorney General*, for appellee.