S06A1415. ZIGAN et al. v. THE STATE.
(638 SE2d 322)

BENHAM, Justice.

This appeal addresses the question whether a criminal defendant may waive a jury trial and, over objection from the State, successfully demand a bench trial. Charged with involuntary manslaughter, appellant Frederick David Zigan waived a jury trial and appellant James Paul Freeman initially sought a change of venue, then withdrew that motion and waived a jury trial. Upon objection by the State to appellants' motion for a bench trial, the trial court denied the motion, but issued a certificate of immediate review.

---

We must at the outset distinguish between a waiver of the right to trial by jury and a demand for trial by the court without a jury. The former was recognized more than 100 years ago in *Logan v. State*, 86 Ga. 266 (12 SE 406) (1890), where this Court quoted the predecessor to OCGA § 1-3-7 as providing that "a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest." However, in *Palmer v. State*, 195 Ga. 661 (1) (25 SE2d 295) (1943), where the appellant complained of the trial court's rejection of his demand for a bench trial, this Court made plain that the ability to waive the right to a jury trial was not the same as the power to demand a bench trial:

> There is a difference in a defendant waiving a right he possesses, and in demanding a privilege for which there is no right provided. . . . [OCGA § 1-3-7], stating "A person may waive or renounce what the law has established in his favor," does not authorize a defendant to demand that his case be tried by the judge.

That principle was reinforced by this Court in *McCorquodale v. State*, 233 Ga. 369, 374 (3) (211 SE2d 577) (1974): "There is no federally recognized right to a criminal trial before a judge sitting alone. [Cits.] The opinions of this court are in accord. [Cit.]"

Having established that trial courts have the authority to deny a demand for a bench trial, we are still left with the question presented in this case, whether the prosecution's consent is required in addition to the trial court's agreement to conduct a bench trial pursuant to a defendant's demand. In *Glass v. State*, 250 Ga. 736, 737 (1) (300 SE2d 812) (1983), quoting *Patton v. United States*, 281 U. S. 276, 312 (50 SC 253, 74 LE 854) (1930), this Court held that " 'before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.' " Although *Glass* is not directly on point since it involves waiver of a unanimous verdict rather than waiver of jury trial entirely, the principles it imported into Georgia jurisprudence from the decision in *Patton* apply with equal force to the issue of a defendant's demand for a bench trial instead of a jury trial. In fact, the holding of the U. S. Supreme Court in *Patton* which was quoted in *Glass* expressly addressed both waiver of a unanimous verdict and waiver of jury trial altogether:

> In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, we do not mean to hold that the waiver must be put into effect at all

events. That perhaps sufficiently appears already. Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.

*Patton v. United States*, supra, 281 U. S. at 312.

Appellants argue the decision in *Glass* was actually based on estoppel, holding that a defendant who begins a trial with a jury cannot change the rules mid-trial. However, no such holding or rationale appears in the published decision in that case and the holding in question was expressly based on the rationale of *Patton*, in which estoppel played no part. Appellants also argue that *Patton* did not have the force of law when this Court cited it in *Glass* because the U. S. Supreme Court had clarified in *Singer v. United States*, 380 U. S. 24 (85 SC 783, 13 LE2d 630) (1965), that *Patton* addressed only trials in federal courts and that the states were free to decide the question themselves. That argument would be more persuasive had this Court held in *Glass* that it was bound by the decision in *Patton* to reach that result. Instead, this Court quoted the rationale on which the decision in *Patton* was made and, exercising the freedom recognized in *Singer*, chose to make a holding "[i]n line with *Patton. . . ."* *Glass* at 738 (1).

Having adopted those principles in *Glass*, and having recognized above their pertinence to a waiver of a jury trial, we conclude their application to the present case requires affirmance of the trial court's denial of appellants' demand for a bench trial. Although appellants' waiver of the right to trial by jury appears adequate, the refusal of the prosecution to consent left the trial court with no choice but to deny the demand.

*Judgment affirmed. All the Justices concur, except Sears, C. J., who dissents.*

SEARS, Chief Justice, dissenting.

Although I agree with the majority that a defendant does not have a right to demand a bench trial, the majority errs in granting

unrestricted veto power to the prosecution over a defendant's request for one. Accordingly, I dissent to the majority opinion.

The majority correctly states the rule that a defendant does not have the right to unilaterally demand that a trial court conduct a bench trial.[1] However, there is nothing in Georgia law that requires that the State have a veto power over a defendant's request for a bench trial. Further, although the federal rule requires the government to consent to such a request, I believe Georgia would be better served by this Court adopting a rule requiring only the consent of the trial court to a defendant's request for a bench trial.

The federal rule is based largely on the historical importance of trial by jury in this country.[2] However, although "the historical importance of trial by jury may supply an argument against permitting the defendant to waive this right, it does not establish a reason for making the government either the beneficiary or the safekeeper of the traditional importance of trial by jury."[3] Moreover, given that a trial court has the right in Georgia to require a jury trial even when the defendant has requested a bench trial,[4] and thus can more than adequately safeguard any interest in a trial by jury, it is completely unwarranted to grant the prosecution veto power over a defendant's request for a bench trial. Finally, because the right to a jury trial is a privilege granted not to the government but "to criminal defendants in order to prevent oppression by the Government,"[5] it is wrong to grant the government the privilege to require a jury trial if the defendant has decided to waive the privilege that has been granted for his benefit.

For these reasons, I dissent to the majority's decision granting the prosecution a veto power over a defendant's request for a bench trial.

---

[1] See, e.g., *Palmer v. State*, 195 Ga. 661, 668-669 (25 SE2d 295) (1943).

[2] See *Patton v. United States*, 281 U. S. 276, 312 (50 SC 253, 74 LE 854) (1930) ("Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.").

[3] Jon Fieldman, *Singer v. United States and the Misapprehended Source of the Nonconsensual Bench Trial*, 51 U. Chi. L. Rev. 222, 239 (1984).

[4] *Palmer*, 195 Ga. at 668-669.

[5] *Duncan v. Louisiana*, 391 U. S. 145, 155 (88 SC 1444, 20 LE2d 491) (1968).

DECIDED NOVEMBER 30, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

*Perry & Walters, George P. Donaldson III, Misty G. Haskins, J. Randall Hicks*, for appellants.
*Joseph K. Mulholland, District Attorney, Marc A. Mallon, Marion T. Pope, Jr., Special Assistant District Attorneys*, for appellee.
*Joseph F. Burford*, amicus curiae.

