## S07A0033. THE STATE v. EVANS.
### (646 SE2d 77)

HINES, Justice.

The State seeks to appeal the trial court's judgment acquitting Jason Evans on charges of malice murder, felony murder, and aggravated assault. Finding that that the State cannot appeal such a

---

[11] 18 USC § 3583.

judgment and that this Court is therefore without jurisdiction to address this matter, we dismiss the appeal.

Evans, together with Sovensky Maddox, was indicted for malice murder, felony murder, and two counts of aggravated assault, in connection with the death of LaFayette Smith. Evans moved to sever his trial from that of Maddox, and, before jury selection began, argued in the alternative that the trial court conduct a bench trial for him simultaneously with Maddox's jury trial. The court did so over the State's objection. Following the trial, the court pronounced Evans not guilty on all counts, and entered an appropriate order of acquittal. The State filed a notice of appeal.

The circumstances of the appeal require that this Court inquire into its jurisdiction. See *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004). "In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the State in criminal cases. [Cits.]" *Howard v. Lane*, 276 Ga. 688 (581 SE2d 1) (2003). If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it. Id. OCGA § 5-7-1 (a) does not purport to authorize the State to appeal a judgment of acquittal, nor is a trial court's decision to proceed with a bench trial over the State's objection one of the statutorily-enumerated rulings that the State can appeal.[1] In fact, in *Howard*,

---

[1] OCGA § 5-7-1 (a) provides that:

(a) An appeal may be taken by and on behalf of the State of Georgia from the superior courts, state courts, City Court of Atlanta, and juvenile courts and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases and adjudication of delinquency cases in the following instances:

(1) From an order, decision, or judgment setting aside or dismissing any indictment, accusation, or petition alleging that a child has committed a delinquent act or any count thereof;

(2) From an order, decision, or judgment arresting judgment of conviction or adjudication of delinquency upon legal grounds;

(3) From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy;

(4) From an order, decision, or judgment suppressing or excluding evidence illegally seized or excluding the results of any test for alcohol or drugs in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first;

(5) From an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state;

(6) From an order, decision, or judgment of a superior court transferring a case to the juvenile court pursuant to subparagraph (b) (2) (B) of Code Section 15-11-28;

(7) From an order, decision, or judgment of a superior court granting a motion for new trial or an extraordinary motion for new trial;

(8) From an order, decision, or judgment denying a motion by the state to recuse or disqualify a judge made and ruled upon prior to the defendant being put in jeopardy; or

id., the State wished to prevent a bench trial in lieu of a jury trial, and this Court specifically noted that, under OCGA § 5-7-1 (a), the State has "no right" to directly appeal the trial court's ruling that a bench trial would occur. Id. at 689. While OCGA § 5-7-1 (a) has been amended since this Court's decision in *Howard,* the General Assembly did not include any provision that would embrace this situation.

Nonetheless, the State asserts that the trial court's order is appealable under OCGA § 5-7-1 (a) (5), which empowers the State to take an appeal from a judgment "where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state." The State contends that the acquittal is void, likening a bench trial over its objection to a jury trial in which the jurors were not sworn, in which instance, the proceeding is a nullity. See *Spencer v. State,* 281 Ga. 533 (640 SE2d 267) (2007); *Slaughter v. State,* 100 Ga. 323 (28 SE 159) (1897). But, here there is no question of the trial court's oath of office and concomitant authority, only the proper exercise of that authority.

In a prior case, this Court has determined that a trial court cannot conduct a criminal bench trial over the State's objection. See *Zigan v. State,* 281 Ga. 415 (638 SE2d 322) (2006). However, that decision does not create a right of appeal for the State; creation of any such right is a function for the General Assembly, not this Court.

Nor is it the case that *any* improper exercise of a trial court's authority renders a judgment void. In the specific situation of an adjudication on the question of guilt in a criminal bench trial when a bench trial is erroneously conducted over the State's objection, the result of such bench trial is an ineffective waiver of the right to a trial by jury, not a void judgment. See *Zigan,* supra at 416-417. Rather, the judgment following an ineffective waiver may be reviewed on its merits on appeal, if one is available. See, e.g., *Balbosa v. State,* 275 Ga. 574 (571 SE2d 368) (2002). But, the question of whether an appeal is available to the State from the decision of a trial court to proceed with a bench trial over the State's objection has been decided by the General Assembly, and it has decided that the answer is "no."

The decision below does not implicate the trial court's subject matter jurisdiction, or its jurisdiction over the person of the defendant. See *Collins,* supra. The judgment was entered by a court of competent jurisdiction. See *State v. Glover,* 281 Ga. 633 (641 SE2d 543) (2007). It is not void, no appeal was available to the State, and consequently this appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

(9) From an order, decision, or judgment issued pursuant to subsection (c) of Code Section 17-10-6.2.

DECIDED JUNE 4, 2007.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellant.

*Averick Walker*, for appellee.