# Court of Appeals
# of the State of Georgia

ATLANTA, September 24, 2012

*The Court of Appeals hereby passes the following order:*

**A12A0848.  THE STATE v. CALVIN RAMBERT.**

The State filed a notice of appeal from the trial court's order dismissing the indictment against Calvin Rambert.  We lack jurisdiction.

In OCGA § 5-7-1 (a), the General Assembly set forth only a limited right of appeal for the State in criminal cases.  *Howard v. Lane*, 276 Ga. 688 (581 SE2d 1) (2003).  If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it. See id.  Under OCGA § 5-7-1 (a) (1), the State may appeal from an order, decision, or judgment setting aside or dismissing any indictment. However, "whether an order constitutes a dismissal of the indictment or accusation so that such an order is subject to appeal by the State under OCGA § 5-7-1 (a) (1) depends not upon the terminology used by the court, but upon the substance of the trial court's action." (Citation and punctuation omitted.)  *Berky v. State*, 266 Ga. 28, 29 (463 SE2d 891) (1995).

"OCGA § 5-7-1 (a) does not authorize an appeal if the order is the result of the exclusion of evidence based upon some general rule of evidence." Id.  Here, the trial court's ruling resulted from its grant of Rambert's motion in limine to exclude the state's witnesses.  Therefore, although the order is denominated as one of those which is appealable by the State, we must look to the substance of the trial court's action. Because the instant appeal does not fall within any of the categories set forth in OCGA 5-7-1, this appeal must be dismissed for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 09/24/2012
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*