295 Ga. 120
FINAL COPY

S14A0586. SMITH v. THE STATE.

BLACKWELL, Justice.

Not quite eight years ago, this Court held in Zigan v. State, 281 Ga. 415 (638 SE2d 322) (2006), that the State may insist that an accused be tried by a jury, even when the accused would prefer to be tried by a judge. Today, Ebony Passion Smith asks us to reconsider Zigan, urging that it was decided incorrectly and ought to be overruled. Smith was tried by a Houston County jury and convicted of murder and the unlawful possession of a firearm during the commission of a felony. Smith would have preferred to be tried by a judge, but the State insisted that she be tried by jury, and as required by Zigan, the trial court yielded to the insistence of the State. Smith appeals, contending only that the trial court erred when it refused her demand for a bench trial. We see no compelling reason to reconsider Zigan, and we affirm the judgment of the trial court in this case.[1]

---

[1] Smith committed the crimes of which she was convicted on July 15, 2011. She was indicted on January 29, 2013 and charged with malice murder, two counts of felony murder, aggravated assault, aggravated battery, and three counts of unlawful possession of a firearm

As in this case, the defendant in <u>Zigan</u> demanded a bench trial, the State insisted upon a jury trial, and the trial court yielded to the insistence of the State. On appeal, we held that the trial court was right to do so. Pointing to <u>Palmer v. State</u>, 195 Ga. 661 (25 SE2d 295) (1943), we noted that Georgia long had recognized that an accused cannot demand a trial by judge as of right. <u>Zigan</u>, 281 Ga. at 416 (citing <u>Palmer</u>). And we noted as well that this Court previously had held in <u>Glass v. State</u>, 250 Ga. 736 (300 SE2d 812) (1983), that a trial court could not dispense with the requirement for a unanimous jury verdict upon the demand of the accused without the consent of the State. 281 Ga. at 416 (citing

---

during the commission of a felony. Her trial commenced on August 5, 2013, and the jury returned its verdict two days later, finding her guilty on all counts. Smith was sentenced to imprisonment for life for malice murder and probation for a consecutive term of five years for one count of possession of a firearm during the commission of a felony. The verdict as to both counts of felony murder was vacated by operation of law, <u>Malcolm v. State</u>, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993), and the remaining counts merged with the crimes for which Smith was sentenced. Smith timely filed a notice of appeal on August 15, 2013, and the case was docketed in this Court for the January 2014 term and submitted for decision on the briefs.

In murder cases, we usually consider the legal sufficiency of the evidence, even in cases in which the defendant does not dispute that the evidence is sufficient to sustain her convictions. But in this case, Smith directed the clerk of the trial court to omit all of the pretrial and trial transcripts from the record on appeal, with the sole exception of a very short transcript — one page and seven lines in length — that reflects her demand for a bench trial. Without the trial transcripts, we cannot adhere to our usual practice, see <u>Okeke v. State</u>, 272 Ga. App. 529, 529 (613 SE2d 125) (2005), and we decide nothing about the legal sufficiency of the evidence in this case.

2

Glass). Our decision in Glass relied upon Patton v. United States, 281 U. S. 276 (50 SCt 253, 74 LE 854) (1930), and as we acknowledged in Zigan, Patton itself concerned not only the waiver of jury unanimity, but also the waiver of trial by jury altogether. 281 Ga. at 416-417 (citing Patton). Given our longstanding reliance on the reasoning of Patton, we determined in Zigan that "the refusal of the prosecution to consent [to a bench trial] left the trial court with no choice but to deny the demand [for a bench trial]." Id. at 417.

As a general rule, American courts adhere to the principle of stare decisis, which directs the courts to stand by their prior decisions. See Moragne v. States Marine Lines, 398 U. S. 375, 403 (IV) (90 SCt 1772, 26 LE2d 339) (1970). We have noted that "[t]he application of the doctrine of stare decisis is essential to the performance of a well-ordered system of jurisprudence." Etkind v. Suarez, 271 Ga. 352, 357 (5) (519 SE2d 210) (1999) (citation omitted). See also State v. Jackson, 287 Ga. 646, 658 (5) (697 SE2d 757) (2010). As the United States Supreme Court has explained,

> [v]ery weighty considerations underlie the principle that courts should not lightly overrule past decisions. Among these are the desirability that the law furnish a clear guide for the conduct of individuals, to enable them to plan their affairs with assurance against untoward surprise; the importance of furthering fair and

3

expeditious adjudication by eliminating the need to relitigate every relevant proposition in every case; and the necessity of maintaining public faith in the judiciary as a source of impersonal and reasoned judgments.

Moragne, 398 U. S. at 403 (IV). That said, "stare decisis is not an inexorable command," Jackson, 287 Ga. at 658 (5) (citation and punctuation omitted), and sometimes, there are compelling reasons to reexamine an earlier decision. When we consider whether an earlier decision ought to be reexamined, we consider a number of factors, including "the age of the precedent, the reliance interests involved, the workability of the prior decision, and most importantly, the soundness of its reasoning." State v. Hudson, 293 Ga. 656, 661 (748 SE2d 910) (2013). In the end, we always must "balance the importance of having the question *decided* against the importance of having it *decided right*." Jackson, 287 Ga. at 658 (5) (citation omitted; emphasis in original).

Smith offers no compelling reasons for us to reexamine Zigan. Although Zigan was decided not long ago, it was based on principles that have been a settled part of our law for many decades. The rule set down in Zigan is simple and straightforward in its application. It is a fair rule that permits the accused and the government to meet upon a level playing field. And although some of

4

our sister states may have elected by statute or rule to do otherwise, the reasoning of <u>Zigan</u> is not obviously unsound. We see no good reason in this case to reexamine <u>Zigan</u>, and so, we continue to adhere to that decision. As Smith concedes, <u>Zigan</u> is dispositive of her appeal. The trial court did not err when it yielded to the insistence of the State upon a trial by jury, and we affirm the judgment of conviction.

<u>Judgment affirmed. All the Justices concur.</u>

Decided April 22, 2014.

Murder. Houston Superior Court. Before Judge Lukemire.

<u>Nicholas E. White</u>, for appellant.

<u>George H. Hartwig III, District Attorney, Marie R. Banks, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General</u>, for appellee.