ELLINGTON, Presiding Judge,
concurring fully and specially.
I concur fully in the majority opinion. I write separately to point out that the General Assembly’s failure to include an order denying a motion by the State to recuse or disqualify a judge as set forth in OCGA § 5-7-1 (a) (9) among those classes of cases for which a certificate of immediate review shall not be required pursuant to OCGA § 5-7-2 (b) may have been an oversight. The requirement that a certificate of immediate review be obtained from the trial court before appealing such an order raises the specter that a recalcitrant judge *693 could entirely thwart the right of appeal the legislature intended to grant in enacting OCGA § 5-7-1 (a) (9). See State v. Evans, 282 Ga. 63, 64 (646 SE2d 77) (2007) (“OCGA § 5-7-1 (a) does not purport to authorize the State to appeal a judgment of acquittal[.]”); State v. Morrell, 281 Ga. 152, 153 (2) (635 SE2d 716) (2006) (Because the State cannot appeal after an acquittal, it can “never seek to rectify an incorrect suppression order if a defendant is acquitted[.]” For this reason, the legislature granted the State the right to an immediate appeal of suppression orders, “so that an error committed by a trial judge, which otherwise might work a miscarriage of justice, can be corrected on appeal, and before attachment of jeopardy.”) (punctuation and footnote omitted).[29] The remedy for any such oversight, however, lies with the General Assembly. See State v. Evans, 282 Ga. at 65 (The creation of any right of appeal for the State “is a function for the General Assembly,” not for the courts.).
Decided February 12, 2015.
Dick Donovan, District Attorney, Steven J. Messenger, Assistant District Attorney, for appellant.
Gary O. Walker, for appellee.

 Cf. State v. Varner, 277 Ga. 433, 436 (589 SE2d 111) (2003) (The State was authorized to appeal from an acquittal entered after a mistrial on the last day of the term of court, because the defendant’s demand for trial operated to secure him a trial at the next regular term of court.); Chambers v. State, 262 Ga. 200, 201-202 (1), (2), (3) (415 SE2d 643) (1992) (The State was authorized to appeal after acquittal where the trial court lacked jurisdiction to try the accused when it entered a directed verdict of acquittal and therefore any proceeding so conducted in the trial court was coram non judice and void.).