**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 23, 2024**

# In the Court of Appeals of Georgia

A23A1326. THE STATE v. HUYNH.

RICKMAN, Judge.

The State seeks to appeal from the trial court's judgment acquitting Phu Tran Huynh of improper lane change. Because we find that the State cannot appeal this judgment, this Court is without jurisdiction to address the appeal and we therefore must dismiss the appeal.

On October 30, 2022, Phu Tran Huynh was cited for failure to maintain lane. The case was initially assigned to traffic court, and on November 23, 2022, Huynh waived arraignment and demanded a jury trial. Thereafter, the Solicitor filed an accusation setting forth the same charge.

The parties appeared for a trial on April 3, 2023, and Huynh indicated that he wished to waive jury trial and proceed with a bench trial. The State objected, and the trial court took the matter under advisement. The following day, the court ruled that it would permit Huynh to be tried by the bench, notwithstanding the State's objection. The State requested a certificate of immediate review, which was denied. The State refused to participate in the bench trial, and the court found Huynh not guilty. Thereafter, the State filed this direct appeal.

Appeals by the State in criminal cases are construed strictly against the State, and the ability of the State to appeal is limited by OCGA § 5-7-1 (a). See *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015) ("Appeals by the State in criminal cases are construed strictly against the State and the State may not appeal any issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1.") (citation and punctuation omitted.) "If the State attempts an appeal outside the ambit of OCGA § 5-7-1(a), the appellate courts do not have jurisdiction to entertain it." *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007). "OCGA § 5-7-1(a) does not purport to authorize the State to appeal a judgment of acquittal, nor is a trial court's decision to proceed with a bench trial over the State's objection one of

the statutorily-enumerated rulings that the State can appeal." Id. This appeal must be dismissed.[1]

We recognize that "the State may insist that an accused be tried by a jury, even when the accused would prefer to be tried by a judge." *Smith v. State*, 295 Ga. 120, 120 (757 SE2d 865) (2014) However, "[t]he question of whether an appeal is available to the State from the decision of a trial court to proceed with a bench trial over the State's objection has been decided by the General Assembly, and it has decided that the answer is 'no.'" *Evans*, 282 Ga. at 65. In other words, the State is allowed to insist upon a jury trial, but has no avenue of appeal if that insistence upon a jury trial is not honored by the trial court. Whether to grant the State the right to an appeal in these circumstances is a decision that rests with the General Assembly.

*Appeal dismissed. Dillard, P. J., and Pipkin, J., concur.*

---

[1] We disagree with the State's contention that issue was never joined. See *State v. Fly,* 193 Ga. App. 190, 191 (1) (387 SE2d 347) (1989) ("Issue was joined when defendant pleaded not guilty at arraignment. . . . By formally denying the charge, his plea formed the issue of whether he was or was not guilty of the charge.")